**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 13-CV-01911-CMA-KMT

EAGLESUN SYSTEMS PRODUCTS, INC.

      Plaintiff,

v.

FRONTRANGE SOLUTIONS USA, INC.

      Defendant.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential or private information, or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    **Scope.**  This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure, discovery, or subpoena duties created by the Federal Rules of Civil Procedure.  As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).

A draft or non-identical copy is a separate document within the meaning of this term.

**2.     Definition of Confidential Information.**  "Confidential Information" shall mean non-public information, documents, and materials that the designating party deems in good faith are not generally known to others and would not normally be revealed to third parties except in confidence and

(a) comprise or contain information constituting trade secrets or other confidential and proprietary information having significant competitive value such that disclosure to others would result in competitive or other business injury to the disclosing party, such as, without limitation, technical information (including, for example, source code and computer algorithms), confidential business information (including, for example, business plans, business strategies, business methods, business records, negotiations, and agreements), financial information (including, for example, costs, revenue, budgeting, accounting, and sales and expenditures figures), business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, and distributors), and personnel information (including, for example, compensation, evaluations and other employment information), or

(b) are protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

Counsel for the parties may designate information as "Confidential" only after a review of the information and based on a good faith belief that it is confidential or otherwise entitled to protection.

3.     **Form and Timing of Designation.**  Where Confidential Information is produced, provided, or otherwise disclosed, it shall be designated in the following manner:

(a) By imprinting the word "CONFIDENTIAL" on the document and on all copies in a manner that will not interfere with the legibility of the document;

(b) By imprinting the word "CONFIDENTIAL" next to or above any response to a discovery request; and

(c) With respect to transcribed testimony, by giving notice of such designation during the testimony whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.  All transcribed testimony shall be treated as Confidential Information during the 30-day notice period described above.

As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

4.     **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fourteen (14) days after discovery of the inadvertent failure.

5.     **Protection of Confidential Material.**

(a)     **General Protections.**  Confidential Information shall not be disclosed or used for any purpose except the preparation and trial of this case, including any appeals.

(b)     **Qualified Persons Who May View Designated Confidential Information.**  Except with the prior written consent of the designating party or prior order of the Court, Confidential Information may only be disclosed only to the following Qualified Persons:

(1)     The parties to this litigation, including only employees or representatives of the parties whose assistance is reasonably necessary to the conduct of the litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound.

(2)     Counsel for the parties and employees and agents of counsel;

(3)     The court and court personnel, including any special master appointed by the court, and members of the jury;

(4)     Court reporters, recorders, and videographers engaged for depositions;

(5)     Any mediator appointed by the court or jointly selected by the parties;

(6)     Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(7)     The author or recipient of the document (but not including a person who received the document only in connection with the litigation or anticipated litigation of this matter);

(8)     Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation; and

(9)     Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c)     **Control of Documents**.  Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

6.     **Filing of Confidential Information**.  If any party intends to file a pleading or other document with the Court which contains Confidential Information, that party must first follow the filing procedures set forth in D.C.COLO. L. Civ. R 7.2, and all other applicable rules and procedures to request that such Confidential Information be filed under seal.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.  If the motion is granted and the requesting party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents.

7.     **Challenges to a Confidential Designation.**  A party may object to a designation of Confidential Information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it

shall be the obligation of the party designating the information as Confidential

Information to file an appropriate motion requesting that the Court determine

whether the disputed information should be subject to the terms of this Protective

Order.  If such a motion is timely filed, the disputed information shall be treated

as Confidential Information under the terms of this Protective Order until the

Court rules on the motion.  If the designating party fails to file such a motion

within the prescribed time, the disputed information shall lose its designation as

Confidential Information and shall not thereafter be treated as Confidential

Information in accordance with this Protective Order.  In connection with a motion

filed under this provision, the party designating the information as Confidential

Information shall bear the burden of establishing that good cause exists for the

disputed information to be treated as Confidential Information.

**8.     Use of Confidential Documents or Information at Trial or**

**Hearing.**  Nothing in this Order will be construed to affect the use of any

document, material, or information at any trial or hearing.  A party that intends to

present or that anticipates that another party may present Confidential

Information at a hearing or trial must bring that issue to the attention of the court

and the other parties without disclosing the Confidential Information.  The court

may thereafter make such orders as are necessary to govern the use of such

documents or information at the hearing or trial.

9.     **Return of Confidential Information.**  Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who produced the document unless:  (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.  Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents.  This work product will continue to be confidential under this Order.

10.     **Order Subject to Modification**.  This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

11.     **No Prior Judicial Determination.**  This Protective Order is entered based on the representations and agreements of the parties and for the purpose

of facilitating discovery.  Nothing in this Order will be construed or presented as a

judicial determination that any document or material designated as Confidential

Information by counsel or the parties is entitled to protection under Fed. R. Civ.

P. 26(c) or otherwise until such time as the Court may rule on a specific

document or issue.  By agreeing to the entry of this Protective Order, the parties

adopt no position as to the authenticity or admissibility of documents produced

subject to it.

      **12.**    **Persons Bound by Protective Order.**  This Protective Order will

take effect when entered and is binding upon all counsel of record and their law

firms, the parties, and persons made subject to this Protective Order by its terms.

      **13.**    **Protections Extended to Third-Parties' Confidential Information.**

The parties agree to extend the provisions of this Protective Order to Confidential

Information produced in this case by third parties, if timely requested by the third

party.

      **14.**    **Confidential Information Subpoenaed or Ordered Produced in**

**Other Litigation.**  If a party receives a subpoena or an order issued in other

litigation that would compel disclosure of any material or document designated in

this action as Confidential Information, the receiving party must so notify the

designating party, in writing, as soon as possible and in no event more than three

business days after receiving the subpoena or order.  Such notification must

include a copy of the subpoena or court order received.  The receiving party must also inform the party from whom it received the subpoena or order that some of the material covered by the subpoena or order may be the subject of this Protective Order and must deliver a copy of this Protective Order to such party. The purpose of imposing these duties is to alert interested persons to the existence of this Protective Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and expense of seeking protection of its Confidential Information, and nothing in in this Protective Order should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**15.    Inadvertent Disclosure of Information Covered by Attorney-Client Privilege or Work Product.**  Counsel shall exert their best efforts to identify documents or material protected by the attorney-client privilege or the work-product doctrine prior to the disclosure of any such documents or material. If, however, a party unintentionally discloses documents or material that are privileged or protected, the party shall, within ten (10) business days upon discovery of the disclosure, so advise the receiving parties in writing, request the documents or material be returned, and attach a privilege log with an entry pertaining to the documents or material that are privileged or protected.  If that

10

request is made and the privilege log provided, then the privilege or protection is

not waived in this or any other proceeding, and no party to this proceeding shall

assert that the disclosure waived any privilege or protection.  It is further agreed

that the receiving parties will return or destroy the inadvertently produced

documents or material, and all copies and derivations, within ten (10) business

days of receipt of the privilege log and written request for the return of the

documents or material.  The provisions of this section constitute an order

pursuant to Rules 502(d) and (e) of the Federal Rules of Evidence.

**IT IS SO ORDERED.**

Dated this 9th day of April, 2014.

BY THE COURT:

_____

Kathleen M. Tafoya
U.S. Magistrate Judge

**ATTACHMENT A**
**ACKNOWLEDGMENT AND**
**AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated _____ in the case captioned, *Eaglesun Systems Products, Inc. v. FrontRange Solutions USA, Inc.* (attached hereto), understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed on (date): _____

Name:                 _____

Employer:             _____

Business Address: _____

Signature:           _____

121367.1